UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **GAC ENTERPRISES, LLC**<br>Address:<br>3509 N. Church St<br>Greensboro, NC 27405<br><br>**Plaintiff,**<br><br>v.<br><br>**PLANET FIBER VA INC.**<br>717 E 3rd St<br>PO Box 562<br>Farmville, VA 23901<br><br>Serve:<br>Registered Agents Inc.<br>8401 Maryland Dr<br>Suite S<br>Richmond, VA 23294<br><br>**Defendant.** | CASE NUMBER: 3:25cv265 |

## COMPLAINT

Plaintiff GAC Enterprises, LLC, by its attorneys, respectfully files this Complaint against Defendant Planet Fiber VA Inc. and states the following in support of his Complaint:

## PARTIES

1.  Plaintiff GAC Enterprises, LLC ("GAC") is a single-member LLC with its only member resident in and a citizen of Houston, Texas, and its principal place of business in North Carolina.

2.  Defendant Planet Fiber VA Inc. is a Virginia stock corporation with its principal address at 717 East 3rd Street in Farmville, VA ("Planet"). Its fictitious names have included

1

"Kinex Telecom" and "Planet Networks."

3. On November 27, 2024, the name of Planet changed from Kinex Telecom, Inc. to Planet Fiber VA, Inc., apparently as a result of an acquisition of Kinex Telecom, Inc.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as it is a civil case to recover damages in excess of seventy-five thousand dollars ($75,000), and there is complete diversity as GAC is a citizen of Texas, and Planet is a citizen of Virginia.

5. This Court has personal jurisdiction over Planet as this cause of action arises from Planet's transaction of business and the provision of services for a construction project in Farmville, Virginia.

6. This Court is the proper venue for this case because the transaction at issue arises out of services performed in Farmville, Virginia.

## FACTS

7. GAC has been in business since 2006, initially under the name GAC Construction LLC and since 2016 under its current name. GAC has engaged in many aspects of the drilling business, including for utilities and pipelines, but has focused in particular on installing fiber optic lines for broadband internet service.

8. GAC has developed substantial experience and expertise over the years in installing fiber optic lines.

9. In or around 2022, GAC was first approached by James Garrett, then-principal of the Defendant Planet, then known as "Kinex Telecom, Inc."

10. Mr. Garrett saw GAC's work crew installing lines and contracted with GAC to perform services in relation to the installation of fiber optic lines in the Farmville, Virginia area to

facilitate broadband internet service.

11. The fiber installation was part of a project funded by the U.S. government, administered by the Commonwealth of Virginia through the Virginia Telecommunication Initiative and Virginia Department of Housing and Community Development, to provide broadband coverage to rural and underserved communities.

12. GAC provided services installing fiber optic lines and invoiced Defendant for the work beginning in 2022.

13. Those services involved plowing through land and laying cable, mostly adjacent to existing roads.

14. Work accelerated and increased under Planet's direction through the summer of 2024.

15. GAC often had multiple crews, consisting of six people each, working six days a week, particularly during the summer of 2024.

16. Most of the work was done in the Farmville area, and Planet's managers and employees regularly visited worksites, reviewed the work being performed, and even supervised work and instructed work crews.

17. Planet and in particular Mr. Garrett were cost-conscious, for example instructing GAC to plow through land on the sides of a road within a right of way, rather than bore under sidewalks and driveways at much greater expense.

18. Invoices were sent weekly.

19. The invoices were all due on a "net 30" basis, requiring payment thirty days from issuance of the invoice.

20. Work was performed, and payments were made, in the ordinary course of business.

However, as a practical matter, payments were often made late.

21. GAC in its regular course of dealing understood that Planet wanted to wait for its payments from the Commonwealth of Virginia if possible, before paying GAC, for Planet's own cash flow purposes.

22. GAC was willing to accommodate these cash flow concerns.

23. Payment terms were based on the footage of the installation and the type of "handhole" or structure that was installed.

24. Planet paid all invoices until March 15, 2024, when Invoice #4668 dated February 14, 2024 was due.

25. Although invoices were not being paid on a Net 30 basis during much of 2024, Planet's employees assured GAC that payment was forthcoming.

26. In the fall of 2024, management and apparently ownership of Planet changed.

27. GAC slowed work and made requests for payment.

28. Planet's representatives regularly visited work sites, reviewed progress, and provided instructions, but never complained about the quality of work performed by GAC.

29. Based on information and belief, Mr. Garrett sold Planet in or around November 2024.

30. GAC was notified of the sale by phone.

31. Pursuant to the change in ownership, Planet changed its name from "Kinex Telecom, Inc." to its current name of Planet Fiber VA Inc.

32. Despite accepting GAC's services, Planet, particularly around the time of the acquisition and after, stopped responding to GAC's written invoices and e-mails regarding payment for the period between March 2024 and February 2025.

4

33. There were still conversations regarding payments that were due.

34. Planet's continued failure to pay began to cause GAC financial concerns.

35. The formerly friendly relationship with Mr. Garrett no longer applied, as Mr. Garrett was no longer the owner.

36. GAC's owner and management sought a meeting with Planet, and went to visit Alex Parker, the new representative for the owner of Planet, in Florida on February 24, 2025.

37. Again, Mr. Parker provide reassurances that payment would be forthcoming as soon as the government paid Planet, which had apparently occurred to some extent with respect to some of the unpaid invoices.

38. Defendant Planet did not raise any issues with the quality of GAC's services at the meeting in Florida.

39. Despite this meeting, no payments came.

40. On March 14, 2025, in response to an inquiry and demand for payment the day before from counsel, Planet for the first time, through counsel, sent a list of alleged deficiencies, such as disruptions to emergency services, non-compliance with safety protocols, damage to driveways, and unfinished work, among other items.

41. GAC had never fielded any such complaints regarding the matters raised until receipt of this letter.

42. Planet failed to pay invoices from March 15, 2024 until today, despite requesting and accepting GAC's services and work.

43. Those unpaid invoices total $1,944,479.10.

44. Planet still has not made specific allegations regarding specific complaints related to GAC's services pursuant to the unpaid invoices, but its lawyer simply listed various areas of

concern on March 14 and indicated an audit was ongoing.

## COUNT 1: BREACH OF CONTRACT

45. Plaintiff GAC re-alleges and incorporates by reference all other paragraphs of this Complaint.

46. GAC and Planet formed an agreement for GAC to undertake the work detailed in the unpaid invoices in exchange for consideration totaling $1,944,479.10.

47. GAC and Planet developed a course of dealing where Planet would visit work sites and supervise and authorize services, and GAC would bill monthly.

48. Planet breached the agreement by failing to pay GAC for the services performed.

49. GAC has been damaged in that it performed services worth $1,944,479.10 for no pay.

WHEREFORE, based on the foregoing, Plaintiff GAC Enterprises LLC requests that this Court enter judgment against Defendant Planet Fiber, Inc. in the amount of one million, nine hundred forty-four thousand, four hundred seventy-nine dollars and ten cents ($1,944,479.10) in compensatory damages, plus interest, costs, and such other and further relief as justice requires.

## COUNT 2: QUANTUM MERUIT

50. Plaintiff GAC re-alleges and incorporates by reference all other paragraphs of this Complaint.

51. This quantum meruit claim is alleged in the alternative in case the Court holds that there is no enforceable contract.

52. GAC performed work and provided services at the request of Defendant Planet.

53. GAC had multiple work crews working for Planet during much of the spring and summer of 2024 in particular. GAC billed in accordance with its normal practices.

6

54. The value of GAC's services was $1,944,479.10.

55. Planet accepted GAC's services without compensating GAC.

56. GAC has been damaged in that it provided services worth $1,944,479.10 for no pay.

WHEREFORE, based on the foregoing, Plaintiff GAC Enterprises LLC requests that this Court enter judgment against Defendant Planet Fiber, Inc. in the amount of one million, nine hundred forty-four thousand, four hundred seventy-nine dollars and ten cents ($1,944,479.10) in compensatory damages, plus interest, costs, and such other and further relief as justice requires.

## COUNT 3: UNJUST ENRICHMENT

57. Plaintiff GAC re-alleges and incorporates by reference all other paragraphs of this Complaint.

58. This unjust enrichment claim is alleged in the alternative in case the Court holds that there is no enforceable contract.

59. Defendant Planet was conferred the value of GAC's services in cable installation.

60. Defendant Planet knew that GAC conferred such services, knew that GAC expected payment and knew that it should have paid GAC based on the unpaid invoices for services provided.

61. The benefit of GAC's services was $1,944,479.10.

62. Planet accepted GAC's services without compensating GAC.

63. GAC has been damaged in that it performed work worth $1,944,479.10 for no pay.

WHEREFORE, based on the foregoing, Plaintiff GAC Enterprises LLC requests that this Court enter judgment against Defendant Planet Fiber, Inc. in the amount of one million, nine hundred forty-four thousand, four hundred seventy-nine dollars and ten cents ($1,944,479.10) in

compensatory damages, plus interest, costs, and such other and further relief as justice requires.

                                              **GAC ENTERPRISES LLC**
                                              **By Counsel**

                                              By: /s/ George R. A. Doumar_____
                                              George R. A. Doumar, VSB No. 26490
                                              Daniel R. Hernandez, VSB No. 95384
                                              Doumar Martin, PLLC
                                              1530 Wilson Boulevard, Suite 1060
                                              Arlington, VA 22209
                                              Tel: (703) 243-3737
                                              gdoumar@doumarmartin.com
                                              dhernandez@doumarmartin.com

                                              COUNSEL FOR PLAINTIFF