UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| GAC ENTERPRISES, LLC<br><br>Plaintiff,<br><br>v.<br><br>PLANET FIBER VA INC.<br><br>Defendant. | CASE NUMBER: 3:25-cv-00265 |

GAC ENTERPRISES, LLC'S ANSWER
TO THE COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 12(a)(1)(B) Plaintiff/Counter-Defendant GAC Enterprises LLC ("GAC") answers Defendant/Counter-Plaintiff Planet Fiber VA Inc.'s ("Planet Fiber") Counterclaim. The paragraph numbers below correspond to the paragraph numbers in Counterclaim.

**1.** This allegation is not directed at GAC, and a response is not required. To the extent a response is required, GAC has insufficient knowledge to respond to ¶ 1 of the Counterclaim.

**2.** This allegation is not directed at GAC, and a response is not required. To the extent a response is required, GAC has insufficient knowledge to respond to ¶ 2 of the Counterclaim.

**3.** This allegation is not directed at GAC, and a response is not required. To the extent a response is required, GAC has insufficient knowledge to respond to ¶ 3 of the Counterclaim, except to the extent that GAC does understand that Planet has received payments from the Commonwealth of Virginia for work performed by GAC.

**4.** GAC admits the allegations in ¶ 4 of the Counterclaim.

5. This allegation is not directed at GAC, and a response is not required. To the extent a response is required, GAC has insufficient knowledge to respond to ¶ 5 of the Counterclaim.

6. GAC admits the allegations in ¶ 6 of the Counterclaim. GAC performed certain work for Planet Fiber relating to fiber optic installation projects in and around Farmville, Virginia

7. GAC admits, in part, and denies, in part, the allegations in ¶ 7 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

8. GAC admits, in part, and denies, in part, the allegations in ¶ 8 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

9. GAC admits, in part, and denies, in part, the allegations in ¶ 9 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

10. GAC admits, in part, and denies, in part, the allegations in ¶ 10 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

11. GAC denies the allegations in ¶ 11 of the Counterclaim.

12. GAC denies the allegations in ¶ 12 of the Counterclaim.

13. GAC denies the allegations in ¶ 13 of the Counterclaim.

14. GAC denies the allegations in ¶ 14 of the Counterclaim.

15. GAC denies the allegations in ¶ 15 of the Counterclaim.

16. GAC denies the allegations in ¶ 16 of the Counterclaim.

17. GAC denies the allegations in ¶ 17 of the Counterclaim.

18. GAC denies the allegations in ¶ 18 of the Counterclaim.

19. GAC denies the allegations in ¶ 19 of the Counterclaim.

20. GAC denies the allegations in ¶ 20 of the Counterclaim.

21. GAC denies the allegations in ¶ 21 of the Counterclaim.

22. GAC denies the allegations in ¶ 22 of the Counterclaim.

23. GAC denies the allegations in ¶ 23 of the Counterclaim.

## COUNT 1
(Breach of Contract)

24. GAC incorporates every paragraph in its Answer as if fully set forth herein.

25. This paragraph states a legal conclusion and does not require a response. Understanding that this Count is an alternative to the affirmative defenses pled by Planet Fiber, to the extent a response is required, GAC denies any breach of contract and the appropriateness of pleading a counterclaim in the alternative to an affirmative defense.

26. This paragraph states a legal conclusion and does not require a response, but as a practical matter GAC admits the allegations in ¶ 26 of the Counterclaim, to the extent GAC alleges a breach of contract, subject to claims in the alternative.

27. GAC admits, in part, and denies, in part, the allegations in ¶ 27 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

28. GAC admits, in part, and denies, in part, the allegations in ¶ 28 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

29. GAC admits, in part, and denies, in part, the allegations in ¶ 29 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

30. GAC admits, in part, and denies, in part, the allegations in ¶ 30 of the Counterclaim. GAC admits that it performed certain work for Planet Fiber relating to fiber optic installation. GAC denies all other allegations and inferences in this paragraph, specifically GAC denies that it failed to complete such work in accordance with the parties' agreement and course of dealing.

31. GAC denies the allegations in ¶ 31 of the Counterclaim.

32. GAC denies the allegations in ¶ 32 of the Counterclaim.

33. GAC denies the allegations in ¶ 33 of the Counterclaim.

## PRAYER FOR RELIEF

GAC avers that the allegations contained in the prayer for relief contain arguments and legal conclusions to which no responses are necessary. To the extent a response is required, GAC denies the allegations in the prayer for relief. GAC performed its services in accordance with the parties' agreements, course of dealing, and in accordance with Planet Fiber's instructions, under Planet Fiber's supervision. Defendant/Counter-Plaintiff is not entitled to any relief. Unless specifically admitted within this Answer, GAC denies all other allegations or inferences therefrom in the Counterclaim.

**AFFIRMATIVE DEFENSES**

By alleging the matters set forth below under the heading "Affirmative Defenses," GAC does not aver or admit that it has the burden of proof with respect to such matters. Given the Counterclaim that lists only a few specific and limited examples of alleged issues, given the lack of complaints previously made to GAC, given the regular supervision of work and instructions from Planet Fiber during the course of work, and given the claim of $6,635,000 provided without any detail, it is difficult to formulate meaningful responses other than denials, and GAC reserves its right to amend its answer and affirmative defenses as appropriate.

**FIRST AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's Counterclaim is barred in whole or in part because it fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's Counterclaim is barred in whole or in part by the doctrines of estoppel and waiver based on its conduct, including its regular supervision of work, instructions, acceptance of work, and course of dealing.

**THIRD AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Offset and Setoff. Any alleged damages owed to Defendant/Counter-Plaintiff are subject to offset by amounts it owes to GAC.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant/Counter-Plaintiff failed to mitigate any alleged damages. GAC performed its

services without incident and received complaints only through a lawyer on March 14, 2025, long after services were performed.

## SIXTH AFFIRMATIVE DEFENSE

Any damages alleged were not proximately caused by GAC.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant/Counter-Plaintiff's claim is barred in whole or in part because Defendant/Counter-Plaintiff committed the first material breach of the parties' agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Accord and Satisfaction. Defendant/Counter-Plaintiff's Counterclaim is barred in whole or in part to the extent Defendant/Counter-Plaintiff supervised, adjusted, and accepted the work performed by GAC.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Counterclaim, GAC respectfully requests that the Court dismiss the Counterclaim with prejudice and grant such other and further relief, legal or equitable, as the Court deems just and proper.

Dated: June 5, 2025.                                Respectfully submitted,

                                                    GAC ENTERPRISES LLC
                                                    By Counsel

                                                    By: /s/ George R. A. Doumar
                                                    George R. A. Doumar, VSB No. 26490
                                                    Daniel R. Hernandez, VSB No. 95384
                                                    Doumar Martin, PLLC
                                                    1530 Wilson Boulevard, Suite 1060
                                                    Arlington, VA 22209
                                                    Tel: (703) 243-3737
                                                    gdoumar@doumarmartin.com
                                                    dhernandez@doumarmartin.com

                                                    COUNSEL FOR PLAINTIFF/
                                                    COUNTER-DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2025, the foregoing document was electronically filed and served on all counsel of record via CM/ECF.

                                                                By: /s/ George R. A. Doumar
                                                                 George R. A. Doumar, VSB No. 26490
                                                                 Daniel R. Hernandez, VSB No. 95384
                                                                 Doumar Martin, PLLC
                                                                 1530 Wilson Boulevard, Suite 1060
                                                                 Arlington, VA 22209
                                                                 Tel: (703) 243-3737
                                                                 gdoumar@doumarmartin.com
                                                                 dhernandez@doumarmartin.com

                                                                 COUNSEL FOR PLAINTIFF/
                                                                 COUNTER-DEFENDANT